# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA,
### SOUTHERN DIVISION

| | |
|---|---|
| ANDREW SCARLETT, ) | |
| ) | Jury Trial Demand |
| SAMANTHA SCARLETT ) | |
| ) | CASE NO: |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| ) | |
| ) | |
| OFFICER TERRY HEATON, ) | |
| RICKY PRIDMORE, ) | |
| CITY OF WARRIOR ) | |
| ) | |
| ) | |
| ) | |
| DEFENDANTS ) | |

## COMPLAINT

COMES NOW, Plaintiff, Andrew Scarlett and Samantha Scarlett, who allege the following facts, asserts the following causes of action, and seeks to recover the following damages against Defendant Terry Heaton; Defendant Ricky Pridmore and the City of Warrior, Alabama.

### Parties, Jurisdiction and Venue

1

1. Plaintiff Andrew Scarlett is above the age of 19 years old and resides in Nashville, Tennessee.

2. Plaintiff Samantha Scarlett is above the age of 19 years old and resides in Nashville. Tennessee.

3. The Defendant, the City of Warrior, is an Alabama Municipal Corporation that duly organized the Warrior Police Department (referred to throughout the complaint now as "WPD") and authorized its policies, procedures, customs, and practices which govern the duties and actions of its police officers. The City can be served through its City Clerk at 215 Main N. St. Warrior, AL. 35180.

4. The Defendant, Terry Heaton, is a resident and citizen of Jefferson County, all Defendant's actions set forth in this complaint were done within the course and scope of his employment with the City, and under color of Alabama State Law. Defendant is being sued in his individual and official capacity.

5. The Defendant, Ricky Pridmore , is a resident and citizen of Jefferson County, all Defendant's actions set forth in this complaint were done within the course and scope of his employment with the City, and under color of Alabama State Law.  Defendant is being sued in his individual and official capacity.

6. This court has subject matter jurisdiction over Count 1 pursuant to 28 U.S.C. 1331 because it alleges violations of the United States Constitution and 42 U.S.C. 1983. This Court has supplemental federal jurisdiction pursuant to 28

U.S.C. 1367(a) over Count 2, which asserts any applicable pendent state law claims.

7. Venue is proper in this division and district under 28 U.S.C. 1391 (b) (2) because a substantial part of the events or omissions giving rise to the claim occurred in this division and district. Venue is also proper in this division and district pursuant to 28 U.S.C. 1391 (b)(1) and (c)(2) because both WPD Officers and the City reside in this division and district under the meaning of this statute.

8. This is a Fourth Amendment unconstitutional seizure, excessive force, false imprisonment case as well as deliberate indifference to medical care filed on behalf of Andrew Scarlett and Samantha Scarlett.

9. Over the course of years, the City of Warrior has repeatedly failed and refused to address widely known systemic deficiencies regarding the use of force by WPD police officers.

10. On or about July 20, 2021 the Plaintiffs were traveling from Nashville to Pensacola for their daughters birthday party. Mr Scarlett was inside a vehicle parked at the Huddle House on Warrior Jasper Road. At this time, Mrs. Scarlett went into the Huddle House to eat and use the restroom. The Huddle House is deemed private property.

11. To wit, an employee of the Huddle House called the Police to report the Plaintiff as acting very strange. This should have necessitated medical care rather than an escalated police action.

12. The Defendants Heaton and Pridmore arrive and made contact with the Defendant and according to the police report complaint they observed that he was "not making any sense and slurring his words.".

13. Scarlett was taken forcefully from his vehicle and taken to the ground in a illegal move. Scarlett was tased once under arrest. This was done under the pretense of was made pursuant to §32-5A-4, Code of Alabama, 1975 which reads: "No person shall willfully fail or refuse to comply with any lawful order or direction of any police officer or fireman invested by law with authority to direct, control,or regulate traffic." (emphasis added). Title 32 of the Code of Alabama pertains to "Motor Vehicles and Traffic," Chapter 5A labeled as the "Rules of the Road."

14. Because §32-5A-4 is found in the traffic code, Alabama appellate courts have determined that this statute, as well as others with similar or identical verbiage, applies only to situations wherein an officer that is authorized to regulate traffic is operating in that capacity; §32-5A-4 does not authorize police officers to arrest any individual that refuses to comply with any command.

15. Mr. Scarlett was not given any order pertaining to a traffic stop or any officer acting in their capacity directing traffic.

16. In fact, Mr. Scarlett was only in his vehicle for the purpose of obtaining identification as requested by the Warrior Police Officers.

17. The Warrior Police engaged in a warrantless search of his vehicle without any basis to do such after he was illegally arrested. The officers discovered some prescription medication while searching the vehicle.

18. The Plaintiff was also arrested and charged for public intoxication, obstruction of government operations and possession of paraphernalia. These charges were ultimately dismissed in the Jefferson County Court on June 27, 2023. (See Exhibit A Judges Order)

19. The initial arrest for failure to comply was illegal and therefore all subsequent charges were due to be dismissed. The charges were not only dismissed but the City of Warrior arrested, detained him and continued to prosecute the cases in Municipal Court and later Jefferson County Circuit Court on Appeal.

20. Mr. Scarlett, suffers from a number of health issues, including congestive heart failure and full-blown Acquired Immune Deficiency Syndrome. Mr. Scarlett has visible lesions on his body which would have indicated medical needs and that this incident was due to be a medical call. It is also believed that Mrs. Scarlett told the officers that Mr. Scarlett suffered from heart issues. Furthermore, based on video footage it is apparent that the officers saw and recovered some prescription medication.

21. Mrs. Scarlett was illegally searched by a male officer after Mr. Scarlett was arrested and that she was verbally threatened. She was only allowed to obtain her purse and dog from the vehicle. The vehicle was towed and Mrs. Scarlett was stranded overnight.

22. It is further alleged that further excessive force was used on Mr. Scarlett at the jail while in handcuffs and threatened.

23. The City of Warrior has a long history for illegal arrests, unconstitutional searches and seizures, and excessive force. See *Vanessa Madison Dosie v. City of Warrior* (N.D. Al Case 2:16-CV-01688).

24. In April of 2015, Warrior City Police shot an unarmed man in the leg after an attempted traffic stop.

25. In September of 2015, Warrior City Police officers put Trinell King into an unnecessarily harmful situation when they unreasonably detained him in excess of an hour and then used him as bait in order to catch another suspect. This incident led to Mr. King being shot five (5) times and suffering serious injuries. See *King V. City of Warrior, Et. Al*. (ND Al. Case 2017-CV174-KOB). Of the defendants in the King case is also believed to be a Defendant in this case as well.

26. Mr. Scarlett received no medical treatment at the jail despite being visibly hurt from the excessive force including the tasing as well as having any medical issues. There is no indication that proper medical intake was completed despite

6

serious medical issues. Mr. Scarlett went to the Emergency room after leaving jail and arriving home and was checked and treated for visible injuries.

## COUNT ONE: EXCESSIVE FORCE UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS HEATON, PRIDMORE, AND CITY OF WARRIOR

27. Each of the paragraphs of the Complaint is incorporated as if fully restated herein.
28. This cause of action is brought against WPD Officers HEATON AND PRIDMORE and the City pursuant to 42 U.S.C. 1983, the Fourth Amendment as applied to the states via the due process clause of the Fourteenth Amendment, 42 U.S.C 1988.
29. WPD Officers HEATON AND PRIDMORE, while acting under color of law, deprived Scarettt of his Fourth Amendment right to be free from excessive or unreasonable force during an arrest or seizure.
30. As described above, WPD Officers Heaton and Pridmore subjected Scarlett to excessive and unreasonable force when he was taken to the ground in an illegal move/maneuver and then stunned with a taser several times. Scarlett did not pose an immediate threat of harm to any WPD Officers, store attendant, or any

7

member of the public. No reasonably prudent officer, faced with similar circumstances, would have acted as WPD Officers Heaton or Pridmoore

31. WPD Officer Heaton and Pridmore engaged in unconstitutional and excessive acts of force against Scarlett with deliberate indifference and a callous disregard of Scarlett's Fourth Amendment rights.

32. WPD Officers Heaton and Pridmore use of excessive force was caused, in part by the unconstitutional and deliberately indifferent customs and practice of the City as set forth above. These 1983 claims against the City are not brought pursuant to the doctrine of respondeat superior, but pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) and its progeny, because the City had a custom and practice that constituted a deliberate indifference to Scarlett's constitutional rights that was the moving force behind unconstitutional and excessive use of force.

33. Furthermore, it is alleged that the officers detained and searched Mrs. Scarlett after arresting her husband despite her not posing threats or violating or breaking any laws.

34. The City and its WPD supervisors and policymakers subjectively knew that their customs and practices in failing to discipline and/or educate officers who had used unconstitutional and excessive force would result in more instances of excessive force, serious injury, harm, and/or death. They were not only aware of the facts from which these conclusions could be drawn, they in fact each

8

subjectively drew such conclusions. Nevertheless, they disregarded the risk to those like Scarlett who encounter WPD officers, and in so doing they acted with more than gross negligence.

35. The City's unconstitutional policies were the driving force behind WPD Officers Heaton and Pridmore's use of unconstitutional and excessive force. As a direct and proximate result of the combining and concurring unconstitutional conduct of the responding officers and the City, both Andrew and Samantha Scarlett suffered physical and mental injuries.

36. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court (1) to enter judgment against WPD Officers Heaton and Pridmore and the City (2) to award him, in an amount determined by the jury, for compensatory damages arising out of his injuries including, but not limited to, lost wages and benefits, and future earning capacity; (3) to award him attorney fees, expert witness fees, court costs, and interest as allowed by law; and 4) specific injunctive relief as it applies to forced reform of Warrior Police Department and 5) to award her all other relief as the Court deems proper.

**COUNT TWO: UNLAWFUL SEARCH AND SEIZURE**

37. Each of the paragraphs of this Complaint is incorporated as if fully related herein.

38. Defendant WPD Officers Heaton and Pridmore engaged in an unlawful search seizure of both Mr. Scarlett's person, Mrs. Scarlett's person and their property based on an unlawful arrest.

39. The Defendant WPD Officers Heaton and Pridmore in this incident knew that they were making a wrongful arrest on a failure to obey charge and that any search and seizure and force used would be unconstitutional.

40. In so doing, Defendant WPD Officers Heaton and Pridmore acted with neglect, carelessness, or unskillfulness and/or acted willfully, maliciously, in bad faith, recklessly, beyond his authority or under a mistaken interpretation of the law.

41. Defendant WPD Heaton and Pridmore were acting in the line and scope of their employment with the City, which is based on bad policymaking, therefore holding the City liable under the Monell doctrine for municipal liability.

42. WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court: (1) to enter judgment against WPD Officers Heaton and Pridmore and the City (2) to award him in an amount determined by the jury, compensatory damages3) to award attorney fees court costs, and interest as allowed by law; and 4) specific injunctive relief as it applies to forced reform of Warrior Police Department 5) to award her all other relief as the Court deems proper.

## COUNT THREE: MONELL LIABILITY INADEQUATE POLICY AGAINST CITY OF HUNTSVILLE

43. Each of the paragraphs of this Complaint is incorporated as if fully related herein.

44. At all times material herein, the City had a legal duty to adopt and implement rules and procedures to ensure that its police force appropriately restrain citizens in a manner which is safe to all parties and necessary under the circumstance.

45. This duty included, but was not limited to the duty to create, adopt, and implement rules, regulations, practices, and procedures which clearly direct police officers to make illegal arrests based on traffic stop authority in situations not involving any such situations.

46. The City's failure to adopt appropriate treatment of individuals with medical issues involved in police encounters amounts to unconstitutional policy under 1983 as discussed in Monell.

47. Furthermore, The City has by custom and practice changed its internal standards to be different than the national standards of what is considered reasonable force. This approach and position conflicts with criminal and civil laws and is inconsistent with national standards and constitutional mandate.

48. The city knew or should have known that the failure to establish a custom, policy, or practice regarding proper use of force under relevant circumstances

would result in repeated instances of an illegal arrest and excessive force by reason of carelessness, recklessness, deliberate indifference, or other culpable conduct.

49. As a proximate cause of the City's unconstitutional policy and deliberate indifference to the same, Andrew Scarlett was beaten and sustained severe physical injuries and Samantha Scarlett was illegal searched and detained.

50. Plaintiff seeks compensatory damages, costs, attorneys' fees, interest, and any other relief allowed under law.

51. WHEREFORE PREMISES CONSIDERED, the Plaintiff seeks the following relief (a) an award of compensatory and punitive damages in an amount to be determined by a jury (b) an award of court costs, interest, and reasonable attorney's fees as provided under 1983 and (c) specific injunctive relief mandating reform of the Warrior Police Department and WPD policies to comport with constitutional requirements regarding use of force. (d) any other relief which is found to be proper under the circumstances.

### COUNT FOUR: ASSAULT AND BATTERY HEATON PRIDMORE , & CITY OF HUNTSVILLE

52. Plaintiff re-alleges and incorporates herein all of the preceding allegations.

53. Defendant WPD Officers HEATON AND PRIDMORE , as a result of poor and/or improper training and supervision, negligently assaulted and battered

12

Scarlett by taking him to the ground and tasing him without any provocation whatsoever.

54. The assault and battery of Scarlett was unlawful and unjustified and without provocation or just excuse. Defendants were acting in the line of his duty at the time, albeit incredibly carelessly, unskillfully and/or based on a misinterpretation of the law.

55. Furthermore, an illegal search of Mrs. Scarlett can also be classified as an assault and battery.

56. Scarlett sustained damages including physical injury as a result of the assault and battery.

57. Huntsville is liable under Ala. Code 11-47-190 because Defendants Heaton and Pridmore's actions were with careless disregard for Scarlett's well being.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks the following relief: Compensatory damages in an amount which is fair and reasonable; Punitive damages in order to punish Defendants and to deter them and others similarly situated from like conduct in the future and for the costs of this action; Attorney's fees; Such other and further relief as the Court deems fair and proper under the circumstances.

### COUNT SIX: FALSE ARREST/FALSE IMPRISONMENT

58. Plaintiff re-alleges and incorporates herein all of the preceding allegations.

59. The defendants knew or should have known that this information would be used by law enforcement to arrest Plaintiff Scarlett.

60. As a direct and proximate result of the false information the defendants provided to law enforcement, suppression of or failure to disclose relevant evidence to law enforcement, Plaintiff Scarlett was wrongfully arrested, imprisoned, and deprived of her personal liberty.

61. A failure to comply charge only applies to situations in which an officer who is authorized to regulate traffic is operating in that capacity as stated.

62. The officers knew they could not legally engage in a warrantless search and did so and therefore made false arrests and engaged in false imprisonment as a result.

63. Furthermore, the City of Warrior failed to prosecute the criminal cases in a timely manner and with available witnesses which led to a Jefferson County Circuit Judge issuing an order dismissing such cases.

64. As a direct and proximate result of the defendant's misconduct, Plainitff Scarlett has suffered damages as set forth above.

65. The defendant City of Warrior has engaged in a pattern and practice of similarly falsely arresting Alabama citizens.

WHEREFORE, the Plaintiff demands judgment against the Defendants Heaton and Pridmore and City of Warrior., for compensatory and punitive damages in an amount to be determined by the jury.

# COUNT SEVEN:DELIBRATE INDIFFIERENCE TO MEDICAL NEEDS/ CRUEL AND UNUSUAL PUNISHMENT

66.Plaintiff re-alleges and incorporates herein all of the preceding allegations. WHEREFORE, the Plaintiff demands judgment against the City of Warrior for compensatory and punitive damages in an amount to be determined by the jury

65.  Defendants Heaton and Pridmore failed to properly respond to an individuals serious medical needs ignoring signs and therefore violated the U.S Constitution right to be free from cruel and unusual punishment as prescribed by the U.S. Constitution.

66.  The police report describes a situation in which it should have been determined that the Plaintiff was suffering from a medical emergency with slurred words and the inability to properly communicate.  Furthermore, Mrs. Scarlett indicated that Andrew had heart failure and the officers saw the medication.

68.   As such failing to do a proper medical intake at the jail despite obvious medical issues and direct knowledge of such issues violated the Plaintiff's constitutional rights.

69. The Defendant, City of Warrior, has a pattern and practice in deliberate indifference to serious medical and knew that their custom of not properly responding to such needs would result in constitutional violations and proximate damages.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks the following relief: Compensatory damages in an amount which is fair and reasonable; Punitive damages in order to punish Defendants and to deter them and others similarly situated from like conduct in the future and for the costs of this action; Attorney's fees; Such other and further relief as the Court deems fair and proper under the circumstances.

## Jury Demand

Plaintiff requests a trial by jury on all factual issues, including damages.

Respectfully submitted this the 18th day of July 2023,

/s/ Martin Weinberg
Attorney for Plaintiff
PO Box 154 Shannon, AL. 35142
Phone 205-785-5575
Fax 205-413-8717
attorneyweinberg@bellsouth.net

/s Richard A. Rice
The Rice Firm, LLC
www.thericefirmllc.com
Physical Address - 115 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
Mailing Address - Post Office Box 453
Birmingham, AL 35201
Office: 205.618.8733 ext 101
Mobile: 256.529.0462
Fax: 888.391.7193

PLEASE SERVE DEFENDANTS AS FOLLOWS BY CERTIFIED MAIL

City of Warrior
C/o City Clerk
215 Main Street N
Warrior, AL. 35180

Terry Heaton
Warrior Police Department
215 Main Street N
Warrior, Al. 35180

Ricky Pridmore
Warrior Police Department
215 Main Street N
Warrior, AL. 35180